IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENN ENGINEERING &** | : | **CIVIL ACTION** |
| **MANUFACTURING CORP.** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No.: 19-cv-513 |
| | : | |
| **PENINSULA COMPONENTS, INC.**, | : | |
|     Defendant. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                                    **April 1, 2021**

Presently pending before the Court is Plaintiff's Consolidated Motion to Compel Responses to Requests for Production, and Have Requests for Admission Deemed Admitted, or in the Alternative, to Compel Responses to Requests for Admission, and to Clarify Other Discovery Issues (Pl.'s Consol. Mot., ECF No. 181) and Defendant's response thereto (Def.'s Resp., ECF No. 184).[1]  For the reasons that follow, Plaintiff's motion shall be **GRANTED IN PART** and **DENIED IN PART**.

I.     **RELEVANT BACKGROUND**[2]

Plaintiff manufactures an extensive line of industrial fastener products.  (Am. Compl., ECF No. 150-12, at ¶¶ 6, 8).  In conjunction with the advertisement, promotion and sale of these products, Plaintiff also holds an extensive line of trademarks.  (*Id.* at ¶¶ 17-46).  Plaintiff alleges that Defendant, its direct competitor, is unlawfully using marks identical to many of its

---

[1] The Honorable Gene K. Pratter referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).  (Order, ECF No. 161).

[2] The background facts are taken from Plaintiff's amended complaint.  (Am. Compl., ECF No. 150-12).

trademarks in connection with the sale of its competing fastener products.  (*Id.* at ¶¶ 47, 52, 55). It further alleges that Defendant is selling competing fastener products that have identical configurations as those protected by another line of Plaintiff's trademarks.  (*Id.* at ¶ 47).  Based on these and other allegations, Plaintiff sues Defendant for trademark infringement, false designation of origin, false advertising and counterfeiting under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1125(a), as well as common law trademark infringement and unfair competition.  (*Id.* at ¶¶ 58-188).

On February 11, 2021, Judge Pratter issued an amended scheduling order with a June 15, 2021 discovery deadline, denied the parties' pending discovery motions as moot and granted Plaintiff's motion to amend its complaint.  (Am. Sch. Order, ECF No. 174; Order, ECF No. 175). I held an on-the-record status conference on March 5, 2021.  (*See* Status Conf. Tr., ECF No. 182).  After the conference, I entered an order setting a briefing schedule for the instant motion. (Order, ECF No. 179).  Pursuant to that order, on March 12, 2021, Plaintiff filed this Consolidated Motion to Compel Responses to Requests for Production, and Have Requests for Admission Deemed Admitted, or in the Alternative, to Compel Responses to Requests for Admission, and to Clarify Other Discovery Issues (Pl.'s Consol. Mot., ECF No. 181).  Defendant filed its response on March 19, 2021.  (Def.'s Resp., ECF No. 184).

**II.    MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION**

Plaintiff moves to compel Defendant's responses to 27 requests for production (RFPs). (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 2-9).  Plaintiff groups these RFPs into four categories wherein Defendant allegedly: (1) limited its production to an arbitrarily narrowed subset of documents (RFP Nos. 67-67, 75-77, 86-88); (2) made baseless objections or otherwise refused to provide a substantive response (RFP Nos. 69-72, 77); (3) failed to produce promised

documents (RFP Nos. 58-61, 70-71, 74, 85, 98); or (4) produced some but not all responsive documents (RFP Nos. 73, 93-97).  (*Id.*)  Defendant posits that Plaintiff's motion is premature until Plaintiff reviews Defendant's recent supplemental document productions but also addresses many of the categories of allegedly deficient responses.[3]  (Def.'s Resp., ECF No. 184, at 2-6).

"It is well established that the scope and conduct of discovery are within the sound discretion of the trial court." *Marroquin–Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1) (amended 2015).  The 2015 amendment to Rule 26(b)(1) "restore[d] the proportionality factors to their original place in defining the scope of discovery."  FED. R. CIV. P. 26 advisory committee's note to 2015 amendment.  However, the scope of discovery remains broad.  *See Royal Mile Co., Inc. v. UPMC & Highmark Inc.*, No. 2:10-cv-01609-JFC, 2016 WL

---

[3]  What Defendant does not address is why it required Plaintiff to file its motion to compel before Defendant made its supplemental productions.  According to Plaintiff, Defendant's supplemental productions include over 7300 documents.  (Mar. 29, 2021 Konieczny Ltr.).  This number represents more that double Defendant's prior production of 3259 documents.  (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 17).  While the Court allows for the possibility that some portion of these documents may relate to claims added by virtue of Judge Pratter's February 11, 2021 Order, the fact that Defendant forced Plaintiff to file a motion to obtain over two-thirds of the documents to which Defendant acknowledges Plaintiff is entitled is exceptionally alarming – made all the more so given defense counsel's persistent accusations that plaintiff's counsel is responsible for the repeated and substantial delays in this matter.

3

6915978, at *2 (W.D. Pa. June 24, 2016) (collecting cases continuing to apply broad scope of discovery after 2015 amendment).

Rule 37 authorizes a party who has failed to receive requested discoverable documents to move for an order compelling production. *See* FED. R. CIV. P. 37(a)(1), (3)(B)(iv). The moving party bears the initial burden of showing that the requested discovery is relevant. *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). The burden then shifts to the party opposing discovery to articulate why discovery should be withheld. *Id.*

### A.     RFP Nos. 67-68, 75-77, 86-88

Plaintiff asserts that Defendant's responses to these RFPs indicate that it "arbitrarily narrowed" the scope of the documents requested. (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 2). It notes that Federal Rule of Civil Procedure 34 requires a party objecting to a discovery request to "state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). Defendant responds that it has supplemented its responses to address Plaintiff's concerns, thus mooting Plaintiff's motion as to these RFPs. (Def.'s Resp., ECF No. 184, at 2-4).

RFP numbers 67 and 68 asked, respectively, for "[a]ll pictures" of the nut shown in the document labeled Godsted00000004 and for "[a]ll financial calculations" performed by Defendant or Godsted, its functionality expert, to determine the cost of manufacturing a similar nut using certain techniques. (Def.'s Resp. to Pl.'s Fourth Set of RFPs, ECF No. 181-3 at Ex. 3, RFP Nos. 67-68). Defendant responded to each RFP that it produced documents relied upon by Godsted to prepare his report. (*Id.*). However, Defendant has clarified that its production includes the pictures shown in the document and that no financial calculations were performed. (Def.'s Resp., ECF No. 184, at 3). Thus, it has produced all documents responsive to RFP number 67 and specified that it has no documents responsive to RFP number 68.

4

RFP numbers 75 to 77 and 86 to 88 seek documents related to Defendant's alleged unauthorized sale of Plaintiff's fasteners. (Def.'s Resp. to Pl.'s Fifth Set of RFPs, ECF No. 181-4 at Ex. 16, RFP Nos. 75-77, 86-88). Defendant responded to each that it "has not fulfilled any orders for *Peninsula* fastener products" using Plaintiff's fasteners but did not address whether it has fulfilled any orders for *Plaintiff* fastener products using Plaintiff's fasteners. (*Id.* (emphasis added)). Defendant has supplemented its responses to RFP numbers 75 to 77 to state that it has in fact fulfilled orders for Plaintiff's fasteners using Plaintiff's fasteners. (*Id.*, RFP Nos. 75-77). Because RFP numbers 86 to 88 were already limited to orders for Defendant's fasteners, Defendant is correct that it does not need to supplement its responses to address whether it fulfilled orders for Plaintiff's fasteners with Defendant's fasteners. (*See id.*, RFP Nos. 86-88).

Nonetheless, because Defendant apparently continues to maintain the objections set forth in its responses, Plaintiff is correct that under Rule 34 Defendant must state whether it has withheld any documents on the basis of those objections. Thus, the Court shall grant Plaintiff's motion as to these RFPs to that limited extent only. The Court shall otherwise deny the motion as moot as to these RFPs.

    **B.**    **RFP Numbers 69 to 72 and 77**

Plaintiff contends that Defendant's relevance and vagueness objections to these RFPs are unreasonable. (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 4-7). Defendant stands on its relevance objections to RFP numbers 69 and 72 and further maintains that the phrase "any objectively-measurable study" in number 69 is "unclear." (Def.'s Resp., ECF No. 184, at 4-5). As to RFP numbers 70, 71 and 77, it argues that Plaintiff's motion is moot because Defendant has produced "additional" documents responsive to numbers 70 and 71 and "now responded" to number 77. (*Id.*).

5

As an initial matter, the Court fails to see what Defendant purportedly finds so "unclear" about "any objectively-measurable study" that the phrase would render Defendant unable to provide a substantive response to RFP number 69.  Presumably, Defendant knows what the words "any" and "study" mean.  Plaintiff cites *Lakloey, Inc. v. University of Alaska,* where the phrase "objectively reasonable" was defined.  (*See* Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 5 (citing *Lakloey, Inc. v. Univ. of Alaska*, 141 P.3d 317, 324 (Alaska 2006))).  In that case, the Alaska Supreme Court observed that this phrase is "commonly understood" to mean "something that can be measured with reference to externally verifiable facts."  *Lakloey, Inc.*, 141 P.3d at 324.  To the extent that the term is not defined in the RFPs or that Defendant remains confused about its meaning, it shall apply the definition set forth in *Lakloey* in responding to RFP number 69.

Nor are Defendant's relevance objections to RFP numbers 69 and 72 well-taken.  Relevance is generally "construed broadly to encompass any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978).  Similar to RFP number 68, number 69 requests documents regarding studies to determine the cost of manufacturing a self-clinching floating nut using certain techniques.  (Def.'s Resp. to Pl.'s Fourth Set of RFPs, ECF No. 181-3 at Ex. 3, RFP Nos. 68-69).  Godsted opined on the manufacturing cost for this type of nut in his expert report.  (Godsted Rpt., ECF No. 181-3 at Ex. 8, ¶¶ 30-31).  Further, Defendant's inventory of allegedly infringing "substitute" Plaintiff fasteners requested in RFP number 72 is relevant to the relief that the Court may issue, such as the calculation of damages or an injunction ordering their destruction.  (Def.'s Resp. to Pl.'s Fourth Set of RFPs, ECF No. 181-3 at Ex. 3, RFP No. 72).

In addition, the Court does not find that Defendant's production of additional documents in response to RFP numbers 70 and 71 necessarily moots Plaintiff's motion as to these RFPs. Defendant does not state whether it has withheld responsive materials on the basis of the objections set forth in any of the RFPs, as required by Rule 34.  Accordingly, the Court shall grant Plaintiff's motion as to RFP numbers 69 to 72.[4]  Within seven days of the date of this memorandum and accompanying order, Defendant shall provide full and complete responses and produce all nonprivileged responsive documents in its possession, custody or control, to the extent that it has not already done so.  Defendant shall also state whether it has withheld any documents on the basis of its objections.

### C. RFP Numbers 58-61, 70-71, 74, 85 and 98

Plaintiff observes that Defendant promised to produce responsive documents to these RFPs but has not done so.  (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 7-8). Defendant responds that it "has produced additional responsive documents and has supplemented its written responses."  (Def.'s Resp., ECF No. 184, at 5).  Again, Defendant does not specify whether it has withheld any responsive materials on the basis of its objections, nor does it recite or attach the supplemental responses for the Court's inspection.  Accordingly, the Court shall grant Plaintiff's motion as to these RFPs.  Within seven days of the date of this memorandum and accompanying order, Defendant shall provide full and complete responses and produce all nonprivileged responsive documents in its possession, custody or control, to the extent that it has not already done so.  Defendant shall also state whether it has withheld any documents on the basis of its objections.

---

[4] As set forth in the preceding section, the Court shall deny as moot Plaintiff's motion as to RFP number 77, based upon the supplemental response to this RFP recited in Defendant's brief.

**D.      RFP Numbers 73 and 93-97**

Defendant responded to these RFPs that it "has previously produced responsive documents . . . that have been located in Peninsula's possession, custody or control after a reasonable good faith search." (Def.'s Resp. to Pl.'s Fifth Set of RFPs, ECF No. 181-3 at Ex. 4, RFP No. 73; Def.'s Resp. to Pl.'s Sixth Set of RFPs, ECF No. 181-3 at Ex. 4, RFP Nos. 93-97). It also lodged multiple objections to each RFP. (Def.'s Resp. to Pl.'s Fifth Set of RFPs, ECF No. 181-3 at Ex. 4, RFP No. 73; Def.'s Resp. to Pl.'s Sixth Set of RFPs, ECF No. 181-3 at Ex. 4, RFP Nos. 93-97). Plaintiff maintains that Defendant's responses allow for the possibility that it has withheld responsive documents and requests a certification that Defendant has produced all responsive documents. (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 9). Defendant counters that Rule 34 does not require such a certification, only a statement as to whether responsive documents have been withheld on the basis of any objection. (Def.'s Resp., ECF No. 184, at 5). However, Defendant's responses contain no such statements either. (Def.'s Resp. to Pl.'s Fifth Set of RFPs, ECF No. 181-3 at Ex. 4, RFP No. 73; Def.'s Resp. to Pl.'s Sixth Set of RFPs, ECF No. 181-3 at Ex. 4, RFP Nos. 93-97). Accordingly, the Court shall grant Plaintiff's motion as to these RFPs insofar as Plaintiff seeks the statements required by Federal Rule of Civil Procedure 34(b)(2)(C).

**III.    MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED**

Plaintiff moves to deem admitted, or in the alternative to compel complete and proper responses to, 43 requests for admission (RFAs). (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 9-16). Pursuant to Federal Rule of Civil Procedure 36, a party may serve RFAs upon the opposing party. "A party may serve upon any other party a written request to admit, for purpose of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)

8

relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a). Rule 36 is intended to limit, to the extent practicable, issues that need to be proven at trial. The purpose of RFAs is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial. *See Creely v. Genesis Health Ventures, Inc.*, No. Civ.A.04-CV-0679, 2005 WL 44526 at *2 (E.D. Pa. Jan. 10, 2005).

Once a party has answered or objected to an RFA, the requesting party may seek a judicial determination of the sufficiency of the answers and/or the propriety of any objections. *United States v. Lorenzo*, CIV. A. No. 89–6933, 1990 WL 83388 (E.D. Pa. Jun.14, 1990). In evaluating the sufficiency of the answers or objections, a court should consider: (1) whether the denial fairly meets the substance of the RFA; (2) whether good faith requires that the denial be qualified; and (3) whether any "qualification" which has been supplied is a good faith qualification. *Id.*

Answers that appear to be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested admissions rather than the "essential truth" contained therein are impermissible and must be amended. *Caruso v. Coleman Co.*, Civ. A. No. 93–CV–6733, 1995 WL 347003 at *3 (E.D. Pa. Jun.7, 1995) (citing *Phila. Gear Corp. v. Techniweld, Inc.*, Civ. A. No. 90–5671, 1992 WL 99622 at *2-3 (E.D. Pa. May 1, 1992)) (additional citation omitted). The reviewing court should not allow the responding party to make "hair-splitting distinctions" that frustrate the purpose of the RFA. *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988).

    A.    **RFA Numbers 9-11, 15-17, 21-23, 27-29, 33-35, 39-41**

These RFAs pertain to printed and digital charts cross-referencing Plaintiff's fasteners to purportedly equivalent fasteners sold by Defendant. (Def.'s Resp. to Pl.'s First Set of RFAs, ECF No. 181-4 at Ex. 14, RFA Nos. 9-11, 15-17, 21-23, 27-29, 33-35, 39-41). Plaintiff

9

acknowledges that these RFAs seek "[t]o ascertain the mode and time period during which Defendant has published" these charts on its website or elsewhere. (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 11). Plaintiff contends that this information will allow it to substantiate its trademark infringement, false designation of origin, false advertising and unfair competition claims. (*Id.*).

The Court agrees with Defendant that this use of RFAs is improper. The purpose of RFAs is to expedite litigation by confirming simple facts to narrow the issues and make use of other discovery methods. *Hayes v. Bergus*, No. 2:13–cv–4266, 2015 WL 5666128 (D.N.J. Sept. 24, 2015); *Guinan v. A.I. duPont Hosp. for Children*, No. 08–228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008). "Requests for admissions are not intended for factual discovery that should be done through interrogatories and depositions." *Russo v. Baxter Healthcare Corp.*, 51 F. Supp. 2d 70, 79 (D.R.I. 1999); *see Mueller v. CBS, Inc.*, No. 99–cv–1310, 2001 WL 1781926, at *1 (W.D. Pa. Aug. 24, 2001) (distinguishing RFAs from other discovery methods). Therefore, RFAs should seek to establish facts already known by the requesting party. *Creely*, 2005 WL 44526, at *2; *see Ghazerian v. United States*, No. 89–8900, 1991 WL 30746, at *1 (E.D. Pa. Mar. 5, 1991) (an RFA is "not properly speaking a discovery device, rather it is 'a procedure for obtaining admissions for the record of facts already known' by the seeker.") (quoting 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2253 (1970)).

Because RFA numbers 9 to 11, 15 to 17, 21 to 23, 27 to 29, 33 to 35 and 39 to 41 seek to obtain new information to substantiate Plaintiff's claims rather than to confirm known facts, the Court shall deny Plaintiff's motion as to these RFAs.[5]

---

[5] Because I find that these RFAs are improper, I do not consider the merits of Defendant's objections to the defined terms used in the RFAs. (*See* Def.'s Resp. to Pl.'s First Set of RFAs, ECF No. 181-4 at Ex. 14, RFA Nos. 9-11, 15-17, 21-23, 27-29, 33-35, 39-41 (objecting to RFAs' use of "Published" and "Distributed")).

### B. RFA Number 52

This RFA requests Defendant to admit that it has not preserved electronic copies of all changes to its website since February 5, 2019. (Def.'s Resp. to Pl.'s First Set of RFAs, ECF No. 181-4 at Ex. 14, RFA No. 52). Defendant responded that it has a record of changes made since June 2020 but stated that it did not know what information regarding prior changes its web hosting company had. (*Id.*). Defendant has since learned from the company that it did not preserve copies of any changes made between February 5, 2019, and June 2020. (Def.'s Resp., ECF No. 184, at 7). It states that it will supplement its response accordingly but does not provide the new response. (*Id.*).

The Court shall grant Plaintiff's motion in part as to this RFA and deem it admitted for the period of February 5, 2019, until June 2020. Defendant does not deny in its RFA response or in its brief that it failed to preserve changes to its website for this period. Defendant now states that the web hosting company did not preserve any changes either. Thus, Defendant admits that it has not preserved electronic copies of changes to its website made between February 5, 2019, and June 2020.

### C. RFA Numbers 58-61 and 63-66

Defendant agrees in its response that RFA numbers 58 and 59 and 63 to 66 should be admitted.[6] (Def.'s Resp., ECF No. 184, at 7). The Court shall grant Plaintiff's motion as to these RFAs and deem them admitted.

However, Defendant argues that RFA numbers 60 and 61 are vague and ambiguous because they do not state to whom the referenced chart is "not necessary to accurately and fully describe or illustrate" the properties of Plaintiff's fasteners listed in the chart. (*Id.* (quoting

---

[6] Again, it is not clear why Defendant required Plaintiff to file a motion to obtain discovery that Defendant agrees is proper. *See also infra* § III.D.

Def.'s Resp. to Pl.'s First Set of RFAs, ECF No. 181-4 at Ex. 14, RFA Nos. 60-61)). The Court disagrees. Such "hair-splitting" to avoid substantively responding to an RFA is impermissible. *See Thalheim*, 124 F.R.D. at 35. The Court shall grant Plaintiff's motion and require Defendant to answer these RFAs pursuant to the requirements of Federal Rule of Civil Procedure 36(a)(4) within seven days. To the extent that Defendant believes that the chart is necessary to some attempting "to accurately and fully describe or illustrate" the properties of Plaintiff's fasteners, but not to others attempting to do so, it may qualify its response accordingly. *See* FED. R. CIV. P. 36(a)(4).

        D.      **RFA Numbers 74-89**

Defendant contends that its supplemental responses to these RFAs moot Plaintiff's motion as to them. (Def.'s Resp., ECF No. 184, at 7). Defendant does not attach these supplemental responses, and thus the Court cannot determine the propriety of them. Accordingly, the Court shall grant Plaintiff's motion regarding RFP numbers 74 to 89 as stated herein. Within seven days of the date of this memorandum and accompanying order, Defendant shall answer these RFAs pursuant to the requirements of Federal Rule of Civil Procedure 36(a)(4), to the extent that it has not already done so.

**IV.**      **MOTION TO CLARIFY DISCOVERY ISSUES**

Plaintiff also moves to clarify two discovery issues, (1) whether Defendant must correlate its document production to Plaintiff's RFPs and (2) the scope of ongoing discovery.

        A.      **Document Correlation**

Plaintiff complains that Defendant produced 54,000 pages in 3259 unsorted PDFs not correlated to any RFPs in violation of Federal Rule of Civil Procedure 34. (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 17). It contends that at the November 13, 2019 discovery

conference, Judge Pratter stated that producing parties must correlate documents to specific RFPs and that she further directed Defendant to do so in her January 3, 2020 order. (*Id.* (quoting Order, ECF No. 67)). Plaintiff argues that consistent with these directives, Judge Rice previously ordered it to correlate documents it produced in response to some of Defendant's RFPs. (*Id.* at 18 (quoting Order, ECF No. 139)). Defendant responds that Rule 34 does not require it to correlate documents produced as kept in the usual course of business. (Def.'s Resp., ECF No. 184, at 8). It contends that Judge Pratter addressed only "the dispute on the *format* of the documents" and further ordered the parties to "make a good faith effort to cooperate on this issue." (*Id.* (quoting Order, ECF No. 67)). Defendant notes that Judge Pratter suggested that the parties have their discovery vendors "talk to each other in the first instance." (*Id.* (quoting Mot. Hrg. Tr., ECF No. 69, at 49:9-10)). It also notes that it attempted to resolve this matter after Judge Pratter's order, but Plaintiff never responded. (*Id.* at 8, Exs. 2-3).

Rule 34(b)(2)(E) provides:

> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> > (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> >
> > (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> >
> > (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E).

"The touchstone remains, under Rule 34(b)(2)(E), that a requesting party is entitled to production of ESI as it is ordinarily maintained or in a form that is reasonably usable for

purposes of efficiently prosecuting or defending the claims and defenses involved in the matter." *Jordan v. Mirra*, No. 1:14-CV-01485-GAM, 2019 WL 2127788, at *12 (D. Del. Feb. 27, 2019) (quotation omitted); *see also Coleman v. Blockbuster, Inc.*, No. 05-4506, 2007 WL 4084281, at *2 (E.D. Pa. Nov. 15, 2007) ("a party producing electronically stored information. . . must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable") (citation and quotation omitted). "If the producing party produces documents in the order in which they are kept in the usual course of business, the Rule imposes no duty to organize and label the documents, provide an index of the documents produced, or correlate the documents to the particular request to which they are responsive." *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06–2318–JWL–DJW, 2007 WL 3010343, at *3 (D. Kan. Oct. 15, 2007) (citations omitted).

Here, Defendant produced documents as they are kept in the ordinary course of business. (Def.'s Resp., ECF No. 184, at 8; *see also* Mot. Hrg. Tr., ECF No. 69, at 42:18-19 (Attorney Silver: "they've been produced in the ordinary course"; Status Conf. Tr., ECF No. 182, at 12:18-19 (Attorney Silver: "we produced our documents pursuant to the Federal Rules, in the ordinary course of business"))). Thus, Defendant has fulfilled its obligations under Rule 34. *See* FED. R. CIV. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business ***or*** must organize and label them to correspond to the categories in the request.") (emphasis added). Plaintiff's own cited case highlights that a producing party must only correlate documents if they are not produced as kept in the ordinary course.[7] *See Graco, Inc. v.*

---

[7] Plaintiff's other cited case is also distinguishable. *See Clientron Corp. v. Devon IT, Inc.*, 310 F.R.D. 262, 266 (E.D. Pa. 2015) (party admitted that it produced 93 boxes of irrelevant documents). In this case, Defendant's production – in response to at least 104 RFPs – was voluminous, but Plaintiff does not allege that the documents are generally irrelevant. (*See* Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 17-18; *see also* Def.'s Resp. to Pl.'s Sixth Set of RFAs, ECF No. 181-4 at Ex. 7). Further, unlike boxes of hard copy documents, the PDFs produced by Defendant are electronically text-searchable. (*See* Mot. Hrg. Tr., ECF No. 69, at

*PMC Global, Inc.*, No. 08–1304, 2011 WL 1114233, at *40, 42 (D.N.J. Mar. 24, 2011) (directing party to identify documents not produced in the ordinary course of business by Bates number(s), but declining to do so as to documents produced in the ordinary course).

Plaintiff claims that at the November 13, 2019 oral discovery conference, "Judge Pratter agreed that a producing party had an obligation to correlate the documents to the respective RFPs." (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 17). This proceeding was not transcribed, and Judge Pratter's exact statement on this point remains unknown to me. What is known is that at the transcribed January 3, 2020 hearing on Plaintiff's first motion to compel Judge Pratter flatly rejected Plaintiff's request to force Defendant to correlate documents:

> Konieczny: And so those files, those 3200 and – you go randomly. There's no order. They don't correlate from 1 to 66 RFPs or –
>
> The Court: I'm not going to order them to completely redo their filing system. That's a completely unproductive thing. I wouldn't order anybody to do that.

(Mot. Hrg. Tr., ECF No. 69, at 46:22-47:2).

Notwithstanding Judge Pratter's statements at the hearing, Plaintiff contends that in the order issuing from that hearing the Court ordered Defendant to correlate its document production to Plaintiff's RFPs. (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 17). Plaintiff bases this contention on the fact that it requested such relief in the proposed order to its motion and Judge Pratter granted the motion. (*Id.* (quoting Proposed Order to Pl.'s Mot. to Compel, ECF No. 27-5)). However, Judge Pratter did not enter Plaintiff's proposed order. Instead, the Court entered its own order granting Plaintiff's motion only "[w]ith respect to the dispute on the

---

43:25-44:1 (Attorney Konieczny acknowledging the documents are Boolean searchable); *see also Jordan*, 2019 WL 2127788, at *12 ("touchstone" of Rule 34 is that party produces documents as normally kept "or in a form that is reasonably usable")).

*format* of the documents," another issue Plaintiff had raised in its motion. (Order, ECF No. 67 (emphasis added)). In this order and in statements at the January 3, 2020 discovery hearing, Judge Pratter directed the parties to cooperate on the formatting and other discovery issues, and to that end Defendant twice wrote Plaintiff asking to discuss. (*Id.*; Mot. Hrg. Tr., ECF No. 69, at 48:9-10 (Judge Pratter suggesting that the parties have their discovery vendors speak to each other); Jan. 8, 2020 Ltr., ECF No. 184-1, at Ex. 2 (requesting "to discuss defendant's production so that we may answer your questions regarding the organization of Pencom's documents"); Jan. 15, 2020 Email, ECF No. 184-1, at Ex. 3 (follow up email)). However, Plaintiff never responded. (Status Conf. Tr., ECF No. 182, at 13:15 (Attorney Silver: "We heard no response, ever.")).

Plaintiff claims that Judge Rice was applying Judge Pratter's order when he ordered Plaintiff to correlate documents produced in response to Defendant's Second Set of RFPs. (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 18). However, Judge Rice's order makes no reference to Judge Pratter's order, which, as noted, in any event did not order the parties to correlate documents. (Order, ECF No. 139). Rather, Judge Rice's order applied only to the set of RFPs before him. (*See id.*).

Neither Rule 34 nor cases construing it require a party producing documents as kept in the ordinary course of business to correlate them to specific RFPs. Consistent with this authority, Judge Pratter specifically rejected Plaintiff's request to force Defendant to correlate documents in this matter. Accordingly, this Court shall deny Plaintiff's motion insofar as it seeks to require Defendant to correlate documents in its production to Plaintiff's specific RFPs.

    **B.**    **Scope of Discovery**

Plaintiff also asks the Court to clarify whether further discovery is limited to the claims added in its amended complaint, noting that Judge Pratter's February 11, 2011 amended

16

scheduling order extended "[a]ll discovery" until June 15, 2021. (Pl.'s Memo. in Supp. of Consol. Mot., ECF No. 181-2, at 18 (quoting Am. Sch. Order, ECF No. 174)). It argues that allowing discovery on all claims comports with Judge Pratter's second February 11, 2021 order denying Plaintiff's discovery motions as moot because it now has time to pursue the discovery at issue in those motions. (*Id.* at 19). It claims that limiting discovery to newly added claims would prove unwieldy because many requests seek discovery relating to both original and new claims. (*Id.*). Defendant recounts the history of discovery extensions in this matter and claims that at the March 5, 2021 discovery conference I indicated that the parties could only conduct further discovery on the newly added matter in the amended complaint. (Def.'s Resp., ECF No. 184, at 10). It also argues that for requests that cover both existing and new allegations the Court may permit discovery as to the new allegations only. (*Id.* at 10-11).

At the discovery conference I stated only that Plaintiff's one additional Rule 30(b)(6) deposition was limited to "address[ing] the newly added claims," as the statements Defendant excerpts make clear. (Status Conf. Tr., ECF No. 182, at 7:19-21). Neither my statements at the conference nor my order that followed limited *all* future discovery to new claims and defenses. (*See* Order, ECF No. 179). In fact, it was agreed that it was not "productive to debate hypotheticals" and that I would address the issue when it was "ripe for [my] consideration." (*Id.* at 33:12-14). Because the parties have now raised the scope of discovery in a motion, I shall resolve the issue.

Judge Pratter ordered that "[a]ll discovery" should "proceed" and "continue" such that responses to "all requests" are completed by June 15, 2021. (Am. Sch. Order, ECF No. 174). Nowhere in the order did the Court limit discovery to the newly added claims. (*See id.*). Further, as Plaintiff notes, Judge Pratter's denial of its motions as moot is consistent with allowing it to pursue the discovery at issue therein within the newly extended timeframe. Judge

17

Pratter did not limit further discovery to the allegations added in Plaintiff's amended complaint, and I will not impose such a limitation now, except as to Plaintiff's additional deposition of Defendant's corporate representative as set forth in my statements at the March 5, 2021 discovery conference and the ensuing order.

### V.     CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's Consolidated Motion to Compel Responses to Requests for Production, and Have Requests for Admission Deemed Admitted, or in the Alternative, to Compel Responses to Requests for Admission, and to Clarify Other Discovery Issues.  Within seven days, Defendant shall state whether it has withheld any responsive materials on the basis of any objection to these RFPs and, in response to RFP numbers 58 to 61, 69 to 72, 74, 77, 85 and 98, provide full and complete responses and produce all nonprivileged responsive documents in its possession, custody or control, to the extent it has not already done so.  The Court deems admitted RFA number 52 to the extent set forth herein and RFA numbers 58 to 59 and 63 to 66 in their entireties.  Within seven days, Defendant shall answer RFAs 60 to 61 and 74 to 89.  The Court also clarifies that further discovery is not limited to the allegations added in Plaintiff's amended complaint, except as to Plaintiff's additional deposition of Defendant's corporate representative.

The Court denies the remainder of the motion.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge