IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENN ENGINEERING & MANUFACTURING CORP.** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No.: 19-cv-513 |
| | : | |
| **PENINSULA COMPONENTS, INC.,** | : | |
| **Defendant.** | : | |

### MEMORANDUM

**SITARSKI, M.J.**                                                                                          **October 25, 2021**

Presently pending before the Court is Defendant's Motion for Clarification of Order Dated August 30, 2021 (ECF No. 237) and Plaintiff's response in opposition thereto.[1] For the reasons that follow, Defendant's motion shall be **GRANTED IN PART** and **DENIED IN PART**.

On August 30, 2021, upon Plaintiff Penn Engineering & Manufacturing Corporation's (PEM) Motion to Compel Access to Defendant's Google Ads Accounts, or in the Alternative, Production of Google Ads Reports (ECF No. 199), the Court ordered the following relief:

> Within 10 days of the date of this Order, Defendant shall provide Plaintiff with either: (1) all Google Ads reports listed in the URL emailed by Plaintiff's counsel to Defendant's counsel on May 15, 2021, or (2) three hours of access to its Google Ads account, limited to Plaintiff's attorneys and experts only. If Defendant chooses the latter option, it may monitor Plaintiff's access remotely and/or in-person, and it does not have to provide any support or training to Plaintiff.

Defendant Peninsula Components, Inc.'s (Peninsula) motion seeks "clarification" as to whether PEM may discover reports for Peninsula's Google services other than Google Ads and

---

[1] The Honorable Gene K. Pratter referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (Order, ECF No. 161).

whether PEM may take a deposition of a Peninsula representative regarding the reports after it receives them. (Memo. in Supp. of Mot. for Clarification, ECF No. 237-2, at 4-6). According to PEM, because it requested this relief in its motion to compel, which the Court granted, it necessarily ordered this relief as well. (Resp., ECF No. 244, at 1). PEM observes that the Order did not specify that the motion was granted "in part"; "[t]herefore, all of the relief requested in the motion was granted." (*Id.* at 2). It posits that "the plain language of the order granted this form of relief to PennEngineering" because "[t]he order did not otherwise deny the other relief requested in PennEngineering's motion." (*Id.* at 3).

The Court is at a loss to understand how PEM could arrive at this conclusion through a good faith reading of the Order. The Order makes no mention of the "related tools" or deposition sought by PEM. Although PEM included this relief in its proposed order submitted with its underlying motion to compel, the Court did not enter that order. In its briefing on the motion to compel, PEM failed to demonstrate its entitlement to reports for any other tools or services purportedly related to Peninsula's Google Ads account. Indeed, it barely identified them, other than to note that in one of its requests for production of documents it had demanded access to "Defendant's Google Ads account and associated ad management tools and services Defendant may have used, such as Google Analytics and Google Ad Manager." (Memo. in Supp. of Mot. to Compel, ECF No. 199-1, at 5). PEM attempts to explain in its response to the instant motion why it believes these additional reports are discoverable, but the time to make these arguments has passed. The Court ordered production of Peninsula's "Google Ads reports" or "access to its Google Ads account," only, not heretofore largely unspecified "related" Google tools and services.[2]

---

[2] PEM has at last identified the allegedly related tools for which it also seeks reports (Resp., ECF No. 244, at 5), but the Court is troubled by PEM's seemingly expansive view of what all is "related" to Peninsula's Google Ads account. PEM gives the example of the

PEM's interpretation of the Order as requiring Peninsula to provide a deponent to testify regarding the reports to be produced is even more baseless. The Order offers no indication whatsoever that PEM is entitled to this relief. It is true that PEM included this relief in its proposed order, but, again, the Court entered its own Order, not the one submitted by PEM. Nowhere in PEM's motion to compel briefing did it so much as ***mention*** an additional deposition. (*See generally* Memo. in Supp. of Mot. to Compel, ECF No. 199-1; Reply, ECF No. 217). Yet, incredibly, PEM insists that the Court ordered this additional relief because it has, in some prior instances, permitted a further deposition after the supplemental production of documents. (Resp., ECF No. 244). The Court is deeply concerned by PEM's refusal or inability to construe correctly its clearly written orders.

In addition, a dispute has arisen between the parties as to the protocol for PEM's access to Peninsula's Google Ads account. (Memo. in Supp. of Mot. for Clarification, ECF No. 237-2, at 3-5). This dispute includes whether any limitations should be placed on PEM's use of the credentials for Peninsula's Google Ads account – which also permit access to its other Google-based accounts – and other intractable disagreements, such as which party will provide the USB for the downloaded reports. (*Id.* at 3-4). In its Order, the Court directed Peninsula to produce its Google Ads reports ***or*** permit access to PEM to download or print the same. Peninsula chose the latter option. However, it now appearing to the Court that the parties are incapable of working out basic parameters surrounding PEM's access, the Court finds it appropriate to direct Peninsula

---

Microsoft Outlook personal information manager software system and contends that a request for tools related to its email service necessarily entails "several other integrated tools such as calendaring, task managing, contact managing, note-taking, journal logging, and web browsing." (*Id.* at 3 n.2). In PEM's view, it appears that tools are "related" for discovery purposes simply by virtue of being available on the same software, when in fact this analysis must likely be conducted on a case-by-case basis. In any event, because the Order was clear on its face that PEM shall receive the Google Ads reports, only, the Court does not consider this issue further.

to provide the alternative relief contemplated in the Order instead. Accordingly, within 10 days of the date of this Order, Peninsula shall produce to PEM all Google ads reports, only, listed in the URL that PEM's counsel emailed to Defendant's counsel on May 15, 2021.

BY THE COURT:

 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge